**Robert RELEFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–87–051–CR.**

Court of Appeals of Texas, Waco.

Dec. 3, 1987.

William L. Smith, Corsicana, for appellant.

Patrick C. Batchelor, Crim. Dist. Atty., Corsicana, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Releford from conviction for murder. A jury found defendant guilty and the court assessed his punishment at 99 years.

In one point of error, defendant asserts the evidence was insufficient for the jury to find him guilty beyond a reasonable doubt.

On July 28, 1986, police were summoned to a trailer home in Navarro County. Upon their arrival, the officers were confronted with a strong odor coming from the trailer. Once inside, the officers found the nude, badly decomposed body of Osborn Dockery lying on a bed. The victim, a 74–year–old man, had been stabbed 14 times.

Defendant asserts that the only evidence linking him to the crime is the testimony of his estranged wife, Tammy Releford, and a cousin, Johnny Joe Wafer. He argues Tammy Releford's testimony is suspect because of her relationship with defendant and her admitted drug use. Defendant points to contradictions and inconsistencies in Wafer's testimony and concludes that there was a complete lack of credible evidence upon which to find him guilty.

According to Wafer, defendant had heard that the victim kept money in his trailer home. Wafer testified that defendant had planned to put a handkerchief over his face when he confronted the victim to avoid being recognized. Further, defendant stated to Wafer, "I may have to kill this man, but I hope I don't." Wafer testified he saw defendant enter the victim's trailer on the date of the offense and that upon his return defendant said to Wafer, "The old man is dead."

Tammy Releford testified defendant returned that day breathing hard and heavy. His shirt was torn and had a spot of blood near the center. She testified defendant was carrying a black and silver knife and that defendant talked to her about stabbing the victim. On cross-examination she stated, "He told me he killed him." Mrs. Releford admitted that she washed the blood from defendant's shirt and gave a false statement to police in July 1986. She testified that out of fear of her husband, she remained silent until October 1986 when she approached the police with this information.

Defendant asserts that certain inconsistencies and contradictions within the testimony during trial left the jury with no credible evidence and thus the evidence was insufficient to support the guilty verdict. Specifically, defendant complains of conflicting testimony as to the color of the handkerchief, whether the act occurred during the "afternoon" or the "evening", and whether the witnesses saw defendant in possession of the same knife.

Wafer testified at trial that the bandanna used by defendant was red. His written statement from October, however, read, "I think it was brown." Wafer testified that Tammy Releford had corrected him as to the color of the bandanna and in recollection he realized he had been mistaken about the color. "She refreshed my mind by me making this mistake by saying the handkerchief was brown. When she said it was red, it came back to me. Then, I thought, I said, 'Well, the handkerchief was red.'" Wafer's original statement also differed with his trial testimony as to the time of day the occurrences took place. In his statement he indicated that the incidents occurred in the "afternoon" while at trial he indicated it was "evening." Tammy Releford testified the events took place around 8:00 or 9:00 p.m. when it was completely dark. Finally, Wafer testified he saw a brown-handled knife on defendant's dresser stand. He stated he was "pretty sure" defendant had a knife with him when he went to the victim's trailer, but he could not testify as to the color of that knife. On the other hand, Tammy Releford testified defendant returned from the victim's house with a blood-covered black and silver knife in his hand.

While there are variations in the testimony presented at trial, the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to their testimony. See Tex.Crim. Proc.Code Ann. art. 38.04 (Vernon 1979). A jury is entitled to accept one version of the facts and reject another version, or may reject any part of a witness' testimony. *Penagraph v. State,* 623 S.W.2d 341, 343 (Tex.Cr.App.1981). In reviewing the sufficiency of the evidence, the court must view the evidence in the light most favor-

able to the jury's verdict and consider whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Cr. App.1984). We find the evidence sufficient to support the jury's finding of guilt.

The point is overruled and the judgment is affirmed.

AFFIRMED.